904

In re MAK PETROLEUM,
INC., Debtor.

No. 3:08–bk–2067–PMG.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 11, 2010.

Rehan N. Khawaja, Jacksonville, FL, for Debtor.

**ORDER ON TRUSTEE'S MOTION TO ENJOIN THE LIGHT KOREAN PRESBYTERIAN CHURCH (ISLINGTON) FROM VIOLATING THE AUTOMATIC STAY**

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Trustee's Motion to Enjoin the Light Korean Presbyterian Church (Islington) from Violating the Automatic Stay.

On April 16, 2008, the Debtor, Mak Petroleum, Inc., filed a petition under Chapter 7 of the Bankruptcy Code.

In January of 2009, The Light Korean Presbyterian Church (Islington)(the Church) filed a Statement of Claim against the Debtor in the Superior Court of Justice in Ontario, Canada. The issue in this case is whether the prosecution of the Claim is a violation of the automatic stay that should be enjoined by the Court.

### Background

The Debtor, Mak Petroleum, Inc., was engaged in the business of owning and operating a number of gas stations and convenience stores throughout Florida. (Doc. 1).

On November 18, 2006, the Debtor and the Church entered into an Agreement pursuant to which the Debtor agreed to purchase real property located in Ontario, Canada from the Church. Pursuant to the Agreement, the Debtor deposited the sum of $100,000.00 with Re/Max West Realty, Inc. in Ontario.

The sale of the property was not concluded.

On April 16, 2008, the Debtor filed a petition under Chapter 7 of the Bankruptcy Code.

On January 26, 2009, the Church filed a Statement of Claim against the Debtor in the Superior Court of Justice in Ontario, Canada. In the Claim, the Church seeks a "declaration that the deposit in the amount of $100,000 paid to, and currently held by, Re/Max West Realty Inc. is forfeited to the plaintiff and is to be paid to the plaintiff forthwith."

In the Motion presently before the Court, the Trustee asserts that the Claim filed by the Church in Canada is a violation of the automatic stay, and requests that the Court enter an order prohibiting the Church from pursuing the action. (Doc. 30).

### Discussion

The Trustee's Motion to Enjoin the Church from Violating the Automatic Stay should be denied.

The Motion is predicated on the contention that the $100,000.00 deposit is property of the Debtor's bankruptcy estate, and that the Court may therefore exercise its in rem jurisdiction over the fund. (Doc. 30, pp. 2–3). According to the Trustee, the "[p]rotection of in rem jurisdiction is a sufficient basis for a court to restrain another court's proceedings." (Doc. 30, p. 3). The Trustee seeks the entry of an Order enjoining the Church from proceeding with the action in Canada in violation of the automatic stay.

■ In order to enjoin a party from commencing or prosecuting a foreign proceeding, however, the Court must be authorized to exercise personal jurisdiction over that entity pursuant to the Due Process Clause of the Fifth Amendment to the United States Constitution. See *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

■ The rule requiring such personal jurisdiction applies in all cases in which a Court is asked to enter a binding judgment against a party, regardless of whether the case also involves property that is otherwise within the Court's jurisdiction.

> But even though the court may have *in rem* jurisdiction over the debtor's property, *in personam* jurisdiction is required before the court may restrain a defendant from interfering with that property.

*In re Travelstead,* 227 B.R. 638, 655 (D.Md.1998).

■ In bankruptcy cases, therefore, it appears that the rule applies to requests

by a trustee to prohibit a creditor or other entity from violating the automatic stay. See, for example, *In re EAL (Delaware) Corp.*, 1994 WL 828320, at 16 (D.Del.)(Unless the defendant had the "minimum contacts" required for personal jurisdiction, the automatic stay did not apply to its conduct), and *Fotochrome, Inc. v. Copal Company, Limited*, 517 F.2d 512, 516 (2d Cir.1975)(The automatic stay could not be effective "without in personam jurisdiction over the creditor who has begun an action in a foreign tribunal that is not within the jurisdiction of the United States.").

In this case, the Court has found that it lacks personal jurisdiction over the Church. Contemporaneously with this Order, the Court is entering an Order on Motion to Dismiss Complaint in Adv. Pro. 3:09–ap–435–PMG. The adversary proceeding is an action commenced by the Trustee in this Court to recover the deposit paid by the Debtor prior to the filing of the Chapter 7 petition.

In the Order on the Church's Motion to Dismiss the adversary proceeding, the Court determined that the Church lacked sufficient "minimum contacts" with the United States to support its exercise of personal jurisdiction. In reaching this determination, the Court evaluated an Affidavit submitted by the Church, in which Duk Keun Oh attested that (1) the Church was incorporated under the laws of Ontario, Canada, and has its principal place of business in Canada; (2) the Church operates one physical church, which is located in Canada; (3) the Church does not engage in any business or have an office in the United States; (4) the Church has not solicited any business or breached any contract in the United States; and (5) the Church has not engaged in any other activity in the United States. (Adv.Pro.09–435, Doc. 6).

The Affidavit was not refuted by the Trustee, and the Trustee has made no affirmative showing of any contacts that the Church has ever had with the United States. Consequently, based on the Affidavit and record, the Court found that it lacked personal jurisdiction over the Church, and dismissed the Trustee's Complaint in Adv. Pro. 09–435.

Similarly, the Motion currently before the Court should be denied because the Court lacks the requisite personal jurisdiction over the Church for purposes of entering any injunctive relief against it.

This case is readily distinguishable from the decision in *In re Rimsat, Ltd.*, 98 F.3d 956 (7th Cir.1996). *Rimsat* was cited by the Trustee for the proposition that a Bankruptcy Court's in rem jurisdiction over property of the estate allows an international proceeding to be enjoined pursuant to the automatic stay. (Doc. 33, pp. 3–4). In *Rimsat*, however, the Court expressly found that the defendant was a United States citizen "incontestably within the jurisdiction" of the Bankruptcy Court.

In contrast to the defendant in *Rimsat*, the Church in this case never established or maintained any identifiable contacts with the United States, and therefore was not subject to the exercise of this Court's personal jurisdiction. Absent the existence of such personal jurisdiction, the Court may not enter an order restraining the Church from prosecuting its Claim in Canada. *In re Travelstead*, 227 B.R. at 655.

Accordingly:

**IT IS ORDERED** that the Trustee's Motion to Enjoin The Light Korean Presbyterian Church (Islington) from Violating the Automatic Stay is denied.